UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN JAMES BURE,

    Plaintiff,

    v.                                   CAUSE NO. 3:23-CV-232-DRL-MGG

CENTURION HEALTH SERVICE, LLC,
and LIVERS,

    Defendants.

OPINION AND ORDER

Kevin James Bure, a prisoner without a lawyer, filed a complaint alleging he received inadequate medical treatment at the Westville Correctional Facility. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bure alleges he suffered a facial injury on May 12, 2022, and was taken to the prison's medical unit where Medical Director Livers examined him and x-rayed his jaw. He alleges she reviewed the x-ray and concluded he did not have a broken jaw. Six days later, on May 18, 2022, a dentist decided he had a broken jaw and ordered treatment for

it. Mr. Bure alleges he was in pain, was not provided timely treatment, and was denied a liquid diet for three days. He sues two defendants.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). For a medical professional, such as Director Livers, to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the doctor's treatment decisions were "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Director Livers is alleged to have examined Mr. Bure and reviewed his x-ray. She is alleged to have mistakenly decided his jaw was not broken. Though medical mistakes are unfortunate, they do not violate the Eighth Amendment. The complaint does not state a claim against Director Livers.

Mr. Bure also sues Centurion Health Service, LLC. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). This complaint makes no mention of a policy or custom. It merely

alleges Director Livers mistakenly misdiagnosed his jaw. The complaint does not state a claim against Centurion Health Service, LLC.

This complaint does not state a claim for which relief can be granted. If Mr. Bure believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. After he properly completes the form, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Kevin James Bure until **April 27, 2023**, to file an amended complaint; and

(2) CAUTIONS Kevin James Bure if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 24, 2023                                            *s/ Damon R. Leichty*
                                                          Judge, United States District Court