UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN JAMES BURE,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-232-DRL-MGG

CENTURION HEALTH SERVICE, LLC,
and INDIANA DEPARTMENT OF
CORRECTION,

    Defendants.

## OPINION AND ORDER

In his original complaint, Kevin James Bure, a prisoner without a lawyer, alleged he received inadequate medical treatment for a broken jaw. ECF 2. He sued Medical Director Livers and Centurion Health Service, LLC. The court screened the complaint and explained it did not state a claim against Director Livers because "[s]he is alleged to have mistakenly decided his jaw was not broken. Though medical mistakes are unfortunate, they do not violate the Eighth Amendment." ECF 6 at 2. The complaint did not state a claim against Centurion because liability for a corporate entity only exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). "This complaint makes no mention of a policy or custom. It merely alleges Director Livers mistakenly misdiagnosed his jaw." ECF 6 at 2-3. Mr. Bure was granted leave to file an amended complaint.

In the amended complaint, he names two defendants: Centurion Health Service, LLC, and Indiana Department of Correction. He drops his claim against Director Livers.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bure alleges the violation of Indiana Department of Correction Policy 01-02-101 is the basis of his claim because it required he receive medical treatment. This addition to his amended complaint does not state a claim against either defendant. As previously explained, Centurion may only be held liable when the *execution* of its policy inflicts injury. The allegation that Policy 01-02-101 was *violated* does not make Centurion liable. As for the Indiana Department of Correction, it is not a person under 42 U.S.C. § 1983 and cannot be sued. *See Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 18, 2023  *s/ Damon R. Leichty*
Judge, United States District Court